USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROVENANCE NGC LLC d/b/a NUMISMATIC GUARANTY COMPANY,

              Plaintiff,

v.

RICHARD ALBRIGHT,

              Defendant.

Case No. 23-CV-00406 (VM)

**STIPULATED PRELIMINARY INJUNCTION ORDER**

      **WHEREAS**, Plaintiff Provenance NGC LLC d/b/a/ NUMISMATIC GUARANTY COMPANY ("Plaintiff" or "NGC") moved *ex parte* on January 17, 2023 against defendant Richard Albright ("Defendant") for the following: (1) a temporary restraining order; (2) an order to show cause why a preliminary injunction should not issue; and (3) an order authorizing expedited discovery (the "Application"; ECF Nos. 9-16);

      **WHEREAS**, the Court entered an Order granting Plaintiff's Application on January 18, 2023 (the "TRO"; ECF No. 17), which ordered Defendant to appear on February 1, 2023 at 11:00 a.m. to show cause why a preliminary injunction should not issue; and

      **WHEREAS**, on January 25, 2023 at 9:08 a.m., Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant; and

      **WHEREAS**, Plaintiff and Defendant have reached agreement on the terms of a stipulation (the "Stipulation"), which, when implemented, will resolve the issues raised by the TRO entered by the Court on January 18, 2023.

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the respective parties hereto that:

1

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation. Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or under further order of the Court:

   a. Using any reproduction, counterfeit, copy or colorable imitation of NGC's trademarks (collectively, the "NGC Marks") to identify any goods not authorized by NGC;

   b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure NGC's business reputation;

   c. Using a false description or representation including words, symbols, or artwork tending falsely to describe or represent Defendant's unauthorized goods as being those of NGC or sponsored by or associated with NGC and from offering such goods into commerce;

   d. Further infringing the NGC Marks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by NGC bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the NGC Marks;

   e. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the NGC Marks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to NGC, or to any goods sold, manufactured, sponsored or approved by, or connected with NGC;

    f.   Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products distributed, or sold by Defendant are in any manner associated or connected with NGC, or are sold, manufactured, licensed, sponsored, approved or authorized by NGC;

    g.   Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books, records, or other documents that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products that infringe the NGC Marks; and

    h.   Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h).

2.    As set forth in the TRO, by February 8, 2023 (14 days after Defendant received service of the TRO), Defendant shall serve upon NGC's counsel a written report under oath providing:

    a.   the name and location and URL of any and all websites that Defendant owns and/or operates and the name, location, account numbers and URL for any and all user accounts and merchant storefronts that Defendant owns and/or operates on any third-party service provider platform; and

    b.   the complete sales records for any and all sales of counterfeit and/or infringing products by Defendant, or in any way involving Defendant, including but not limited to, the number of units sold, the purchaser of such products, the price per unit, total gross revenues received (in U.S. dollars), and the dates thereof.

3.    The expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

3

a. NGC may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York, and Defendant shall provide written responses under oath to such interrogatories within fourteen (14) days of service to NGC's counsel.

b. NGC may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendant shall produce all documents responsive to such requests within fourteen (14) days of service to NGC's counsel.

c. Within fourteen (14) days of receipt of service of this Order, any third party service providers who are served with this Order, including, but not limited to, eBay, shall identify any and all of Defendant's user accounts and merchant storefronts, and provide NGC's counsel with a summary report containing account details for any and all user accounts and merchant storefronts, which shall include, at a minimum:

   i. Any and all user accounts and Defendant's merchant storefronts and account details, including, but not limited to, identifying information and account numbers for any and all user accounts and Defendant's merchant storefronts that Defendant has ever had and/or currently maintains with the third party service providers;

   ii. the identities, location and contact information, including any and all e-mail addresses, of Defendant that were not previously provided;

   iii. the identities, location, and contact information, including any and all e-mail addresses, of users who purchased products from Defendant; and

        iv. the nature of Defendant's businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's user accounts and Defendant's merchant storefronts, a full accounting of Defendant' sales history and listing history under such accounts and Defendant's financial accounts with any and all financial institutions associated with Defendant's user accounts and Defendant's merchant storefronts.

4. Within five (5) days of this Order, Defendant shall serve upon NGC's counsel a written report under oath providing the name of any Financial Institution[1] where Defendant has had a Financial Account at any time during the time period starting from January 1, 2020 through the present.[2]

5. Defendant may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information which is to be disclosed in this action which Defendant believes in good faith contains confidential, proprietary, or sensitive information such that disclosure to anyone other than Plaintiff would cause him substantial harm. Access to material designated as "CONFIDENTIAL" will be limited to Plaintiff and its outside counsel.

6. Defendant may designate as "HIGHLY CONFIDENTIAL," in whole or in part, any document, thing, or information which is to be disclosed which Defendant believes in good

---

[1] As used herein, "Financial Institutions" shall mean any banks, financial institutions, credit card companies and payment processing agencies, and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendant.

[2] As used herein, "Financial Accounts" shall mean any and all financial accounts associated with or utilized by Defendant or any of Defendant's user accounts or merchant storefront(s) (whether said account is located in the U.S. or abroad).

faith contains highly confidential information, such as trade secrets, that Defendant believes to be so commercially sensitive or confidential that disclosure to anyone other than Plaintiff would cause him substantial harm. Access to material designated as "HIGHLY CONFIDENTIAL" will be limited to Plaintiff's outside counsel.

7. Defendant will use reasonable care to avoid designating any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL any material that is not entitled to such designation.

8. Plaintiff may object at any time to any designations pursuant to Paragraphs 5 and 6 herein. Thereafter, Defendant will have five (5) court days following the receipt of an objection to: (a) advise Plaintiff whether or not Defendant persists in such designation; and (b) if Defendant persists in the designation, to explain the reasons for the particular designation. If the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is not withdrawn, or if Defendant has failed to respond to Plaintiff's objection, Plaintiff may move the Court (or request leave to move the Court if so required by Court rule) within ten (10) court days for an order removing or replacing the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. On such a motion, it shall be the burden of Defendant to prove that the material was properly designated.

9. Within ten (10) days of this Order, Defendant shall deliver up to NGC, or its designated agent, to be held in custody during the pendency of the proceeding, (1) all coins, and any advertisements in his possession or under his control bearing any of the NGC Marks, (2) any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and (3) all coins held at any point for purposes of substitution with the coins in packaging bearing any of the NGC Marks.

10. Upon request by NGC, Defendant shall provide all his electronic devices (including but not limited to laptops, desktop computers, and mobile devices) to NGC for forensic examination within ten (10) days of such request.

11. Upon request by NGC, Defendant shall appear for a deposition via Zoom or comparable means to be taken by NGC's counsel, within ten (10) days of such request. Such deposition will not exceed seven (7) hours.

12. Upon request by NGC, Defendant shall provide any and all requested information to allow NGC to corroborate any claims about Defendant's financial state, including, but not limited to, account numbers and bank statements, within ten (10) days of such request.

13. Upon request by NGC, Defendant shall cooperate with any efforts by NGC to reimburse consumers who received counterfeit coins from Defendant.

14. Defendant is hereby restrained and enjoined from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's assets from or to Defendant's Financial Accounts until further ordered by this Court.

15. Within ten (10) days of receipt of service of this Order, any Financial Institutions served with this Order shall locate and attach Defendant's Financial Accounts and shall provide written confirmation of such attachment to NGC's counsel.

16. Within ten (10) days of receipt of service of this Order, any Financial Institutions served with this Order shall provide NGC's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

    a. account numbers;

    b. current account balances;

    c. any and all account opening documents and records, including, but not limited to, account applications, and any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    d. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    e. any and all wire transfers into each and every one of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

17. Financial Institutions are hereby restrained and enjoined from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's assets from or to Defendant's Financial Accounts until further ordered by this Court.

18. Defendant shall cooperate in any and all efforts by NGC, at its election, to disseminate information about this case or its resolution, including, but not limited to, the allegations in this case, factual statements about any penalties imposed upon Defendant for his activities, and NGC's enforcement efforts, including, but not limited to, via press releases, articles, and letters written to individual consumers.

19. Service of this Order upon any Financial Institutions or third party service providers shall be made on and deemed effective if sent via electronic mail.

20. Defendant is hereby given notice that he may be deemed to have actual notice of the terms of this Order and any act by him or anyone in violation of this Order may be considered and prosecuted as in contempt of this Court.

21. Nothing contained in this Order shall limit the right of NGC to recover damages for any and all infringements by Defendant of any right under federal or state law, or any other remedies sought in the Complaint on any legal or equitable ground.

22. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

23. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Preliminary Injunction.

**IT IS FURTHER STIPULATED AND AGREED**, by and between the attorneys for the respective parties hereto, that signatures to this Stipulation transmitted electronically or by facsimile shall be deemed as originals for the purposes of this Stipulation.

| | |
|---|---|
| Dated: New York, New York<br>January 31, 2023 | Dated: New York, New York<br>January 31, 2023 |
| MITCHELL SILBERBERG & KNUPP LLP | SCHMEISER, OLSEN & WATTS LLP |
| By: /s/ Eleanor M. Lackman<br>Eleanor M. Lackman<br>Lindsay R. Edelstein<br>437 Madison Avenue, 25th Floor<br>New York, New York 10017-1028<br>Tel.: (212) 509-3900<br>Fax: (212) 509-7239<br>eml@msk.com<br>lre@msk.com<br><br>*Attorneys for Plaintiff* | By: /s/ Anthony L. Meola<br>Anthony L. Meola<br>3 Manhattanville Road<br>Suite 105<br>Purchase, New York 10577<br>Tel.: (857) 488-4261<br>Fax: (857) 401-3090<br>ameola@iplawusa.com<br><br>*Attorneys for Defendant* |

9

                                  **SO ORDERED:**

```
Date: 31 January 2023
      New York, New York
```

_____
Victor Marrero
U.S.D.J.

10