USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROVENANCE NGC LLC d/b/a
NUMISMATIC GUARANTY COMPANY,

        Plaintiff,

v.

RICHARD ALBRIGHT,

        Defendant.

CASE NO. 23-CV-00406(VM)

## STIPULATED PROTECTIVE ORDER

VICTOR MARRERO, U.S.D.J.:

WHEREAS, the parties to this action having agreed to the following terms of confidentiality, and the Court having found good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the parties to this action and their respective officers, agents, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order—shall adhere to the following terms, upon pain of contempt:

**I.**      **Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" only the portion of such material that consists of: (a) a physical address, bank account number, phone

number, or social security number for any party involved in this action; or (b) buyer or re-seller names, physical addresses, phone numbers, or email addresses. Notwithstanding the foregoing, and subject to the ability to challenge or seek a waiver of any such designation, plaintiff Provenance NGC LLC d/b/a Numismatic Guaranty Company ("NGC") may use such names, physical addresses, phone numbers, or email addresses to contact buyers or re-sellers of coins for which NGC has a good faith belief may be implicated in defendant Richard Albright's alleged conduct that is at issue in this action.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility; and (b) where the Confidential portion is reasonably separable from the non-confidential portion, producing for future public use another copy of said Discovery Material with the Confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the

"Confidential" designation within two (2) business days of providing such notice.

## II.     Who May Receive Confidential Materials

5.  No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

   a. senior management and/or owners of the parties to this action;

   b. counsel for the parties hereto, including any paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this action;

   c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. stenographers and video technicians engaged to transcribe or record depositions conducted in this action; and

   f. the Court, including an appellate court, its support personnel, and court reporters.

6.  Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

### III. Filing Confidential Materials in this Action

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court pursuant to the procedures set forth in the applicable rules and individual practices. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as Confidential under the terms hereof. Any court reporter and deposition witness who is given access to Confidential information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

9. If another court, agency, or person subpoenas or orders production of Confidential Discovery Material that a party has obtained under the terms of this Order, such party shall provide prompt actual written notice by electronic transmission to counsel of record for the adverse party (and, additionally, if the Confidential Discovery Material at issue was produced by a nonparty, to

that nonparty), no later than three (3) business days of receipt of such subpoena, court order, or request, or within such shorter time period as may be required to provide the other party with a reasonable opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order, and shall cooperate with the other party in order to give the other party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. The party receiving the subpoena, court order, or request shall not produce the Confidential Discovery Material if the other Party timely applies for a protective order for such Confidential Discovery Material or otherwise takes timely, appropriate steps to protect the materials. To give the other party an opportunity to obtain relief from the subpoena or order, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order. Nothing in this Order requires or is meant to permit a party to disobey a lawful directive from a court.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

### IV. Termination of the Litigation

11. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or destroyed. Notwithstanding the foregoing, nothing set forth in this Order shall require the destruction of attorney work product,

provided that it is maintained as confidential pursuant to the terms of this Order.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**SO STIPULATED AND AGREED.**

| MITCHELL SILBERBERG & KNUPP LLP | SCHMEISER, OLSEN & WATTS LLP |
|---|---|
| By: /s/ Eleanor M. Lackman<br>   Eleanor M. Lackman<br>   Lindsay R. Edelstein<br>   437 Madison Avenue, 25th Floor<br>   New York, New York 10017-1028<br>   Tel.: (212) 509-3900<br>   Fax: (212) 509-7239<br>   eml@msk.com<br>   lre@msk.com<br><br>*Attorneys for Plaintiff* | By: /s/ Anthony L. Meola<br>   Anthony L. Meola<br>   3 Manhattanville Road<br>   Suite 105<br>   Purchase, New York 10577<br>   Tel.: (857) 488-4261<br>   Fax: (857) 401-3090<br>   ameola@iplawusa.com<br><br>*Attorneys for Defendant* |

**SO ORDERED**

Dated: New York, New York

   March 7, 2023

_____
Victor Marrero
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROVENANCE NGC LLC d/b/a NUMISMATIC GUARANTY COMPANY,<br><br>                Plaintiff,<br>v.<br><br>RICHARD ALBRIGHT,<br><br>                Defendant. | CASE NO. 23-CV-00406(VM)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                        _____